IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANDO C. GAINES, #2007020594, ) | |
| ) Plaintiff(s), ) | No. C 11-1594 CRB (PR) |
| ) v. ) | ORDER OF SERVICE |
| ) CONTRA COSTA COUNTY SHERIFF'S ) DEPARTMENT, et al., ) ) Defendant(s). ) ) | |

Plaintiff, a prisoner at the Contra Costa County Jail, Martinez Detention Facility (CCCJ), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging jail officials were deliberately indifferent to his safety and health needs when they exposed him to asbestos and mold for a prolonged period of time and denied him adequate medical care after he developed serious symptoms.

Plaintiff also seeks appointment of counsel.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).[1]  In prison-conditions cases such as the instant case, the necessary state of mind is one of deliberate indifference.  See id. (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837.  Neither negligence nor gross negligence constitute deliberate indifference.  See id. at 835-36 & n.4.

Liberally construed, plaintiff's allegations that jail officials exposed him to asbestos and mold for a prolonged period of time and denied him adequate

---

[1]Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

medical care after he developed serious symptoms state cognizable § 1983 claims for deliberate indifference to safety and serious medical needs, see, e.g., Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (failure to provide a medical staff competent to examine and diagnose inmates' problems and failure to treat the problems or refer the inmates to others who could demonstrated deliberate indifference), and will be served on the named defendants.[2]

C.      Request for Appointment of Counsel

Plaintiff's request for appointment of counsel is DENIED for lack of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at CCCJ. The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

   a.      No later than 90 days from the date of this order, defendants

---

[2] Plaintiff cannot proceed against any Doe defendants unless he first identifies them and amends his complaint to add them as named defendants. He will be afforded 60 days from the date of this order to do so. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).

3

shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is

1   granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
2   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

3          Plaintiff is also advised that a motion to dismiss for failure to exhaust
4   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
5   case, albeit without prejudice.  You must "develop a record" and present it in
6   your opposition in order to dispute any "factual record" presented by the
7   defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
8   n.14 (9th Cir. 2003).

9        d.     Defendants shall file a reply brief within 15 days of the date
10  on which plaintiff serves them with the opposition.

11       e.     The motion shall be deemed submitted as of the date the
12  reply brief is due.  No hearing will be held on the motion unless the court so
13  orders at a later date.

14    3.     Discovery may be taken in accordance with the Federal Rules of
15  Civil Procedure.  No further court order is required before the parties may
16  conduct discovery.

17    4.     All communications by plaintiff with the court must be served on
18  defendants, or defendants' counsel once counsel has been designated, by mailing
19  a true copy of the document to defendants or defendants' counsel.

20    5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must
21  keep the court and all parties informed of any change of address and must comply
22  with the court's orders in a timely fashion.  Failure to do so may result in the
23  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

24  SO ORDERED.

25  DATED:  July 22, 2011

26  CHARLES R. BREYER
    United States District Judge

G:\PRO-SE\CRB\CR.11\Gaines, R.11-1594.serve.wpd

28                  5